# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 8, 2010

Charles R. Fulbruge III
Clerk

No. 09-10421
Summary Calendar

BILLY GEORGE SEWARD,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CV-125

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In May 2006, Billy George Seward, federal prisoner # 32204-177, pled guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. His plea was accepted, and he was sentenced to 60 months of imprisonment on each count, to run consecutively, and four years of supervised release.

In April 2006, Seward and other individuals filed a petition which was asserted to be pursuant to 28 U.S.C. § 2241. It was filed in the district court for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the District of Columbia. That court construed the petition as a Section 2255 motion. *See* 28 U.S.C. § 2255. In June 2007, the court ordered the case transferred to the Northern District of Texas. Proceedings after that order delayed the Texas court's receipt of the case until August 2008. In July 2008, Seward filed a second Section 2255 motion in the Northern District of Texas, alleging that his firearms conviction is invalid following *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). The district court dismissed his second Section 2255 motion without prejudice, finding it to be successive. In March 2009, the court dismissed all claims.

Seward now seeks a certificate of appealability ("COA"). When the district court's denial of Section 2255 relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Seward has not met this standard, and his motion for a COA is denied.

In the alternative, Seward has moved for authorization to file a second or successive Section 2255 motion. Because Seward does not allege the existence of newly discovered evidence, his second Section 2255 motion must be certified by this court to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* § 2255(h). Seward has not shown that his proposed claim relies on a qualifying new rule of constitutional law. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (a new rule of constitutional law "is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"). The motion for authorization to file a successive Section 2255 motion is denied.

MOTION FOR COA DENIED; ALTERNATIVE MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE § 2255 MOTION DENIED.